PER CURIAM.
The appellant was the plaintiff below and the appellees were the defendants. The parties will be referred to as they stood before the chancellor.
The plaintiff’s amended complaint sought a recovery of 37 shares of stock in the Beeman Investment Company. The gist of the complaint involved questions relating to the fiduciary duty that the defendant, R. B. Griffith, an attorney, owed to the plaintiff. The answer of the defendant attorney in effect alleged that he had advanced various sums to the plaintiff and her husband, that plaintiff was, in addition, indebted to him for certain other legal fees, and that the involved stock had been transferred to the defendants in settlement of these obligations.
The cause was referred to a master for the taking of testimony, without authority to make findings or recommendations.
The lower court, in its final decree: (1) denied relief as to three shares of stock, holding them to be the sole property of the defendant; (2) denied relief as to 23 other shares, holding them to be the sole property of the defendants; (3) held the plaintiff to be entitled to recover 11 shares upon the payment of $5,500 plus interest from February, 1949, but less dividends received by 'defendant; and (4) apportioned the costs.
From this decree the plaintiff appealed; no cross-appeal has been taken on behalf of the defendants.
*198 The record in this case is very-voluminous. The testimony presented at the trial shows that the chancellor reached his decision largely on conflicting testimony, and that there was ample evidence before him to sustain his decree. We find no error of law that would justify a reversal of this case, and as it was within the province of the trier of facts to resolve the conflicts in the evidence, this court will not disturb his findings where there is substantial evidence supporting them.
Accordingly, the decree appealed from is affirmed.
Affirmed.
ALLEN, Acting Chief Judge, and THORNAL, CAMPBELL, and PATTERSON, TERRY B., Associate Judges, concur.